In re Douglas **SLAVEN** and Margaret Slaven, Debtors.

Mark Alan **GREENBERGER,**
Plaintiff/Trustee,

v.

Douglas **SLAVEN** and Margaret
Slaven, Defendants.

**KONDRITZER, GOLD & FRANK CO.,**
**L.P.A., Plaintiff,**

v.

Douglas **SLAVEN** and Margaret
Slaven, Defendants.

Bankruptcy No. 1–86–00180.
Adv. Nos. 1–86–0104, 1–86–0113.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 9, 1987.

Mark Alan Greenberger, Cincinnati, Ohio, Trustee.

Peter Pandilidis, Cincinnati, Ohio, for defendants.

Mark R. Naegel, Cincinnati, Ohio, for Kondritzer, Gold & Frank.

DECISION AND ORDER ON
MOTION IN LIMINE

BURTON PERLMAN, Bankruptcy Judge.

In Adversary 1–86–0104, plaintiff sues to deny defendants a discharge. The com-

plaint is based upon 11 U.S.C. § 727, asserting that defendants knowingly and fraudulently made a false oath, transferred property within one year prior to the filing of the petition, and failed to keep adequate records. There is an additional curious allegation, that within 30 days of the filing of their petition in bankruptcy, defendants "had in their possession and control funds sufficient to pay all debts listed in the schedules." We are unaware that the last statement provides any basis for relief under § 727.

In Adversary 1–86–0113, the plaintiff is a creditor of defendant/debtors, and such plaintiff also sues to deny the discharge of defendants. The gist of this complaint is that debtors made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(B). The factual allegations supporting this contention are to the effect that debtors received a workers compensation award which they dissipated rather than paying creditors therefrom. In addition, this complaint asserts a violation of 11 U.S.C. § 727(a)(3), based upon allegations that debtors concealed, destroyed, falsified or failed to keep recorded information about their affairs. There is a further contention that there was a violation of § 727(a)(5) in that debtors failed to explain satisfactorily their loss of assets to meet their liabilities. The essential facts alleged to support the foregoing statutory violations are that debtors received the workers compensation award which they wrongfully dissipated, failing to keep records of such dissipation.

Because the evidence in both adversary proceedings is the same, the parties agreed, with the approval of the court, to consolidate the cases for trial.

At a pretrial conference in Adversary 1–86–0104, counsel for defendants indicated that he would file a motion in limine, and has done so, for the following reason. Defendants originally employed attorney Marquette Evans to file the present bankruptcy case. A § 341 meeting of creditors was held, which hearing was continued by the trustee so that the defendants could amend their schedules. Debtors then employed a new attorney, Peter Pandilidis,

who filed amended schedules for defendants. A continued § 341 hearing was held. Thereafter, there was a Rule 2004 examination by the trustee, at which time debtors testified as to disbursement of certain funds received in December, 1985, and also that they had consulted attorneys Marquette Evans, Norman Slutsky and Jeffrey Tessel. Plaintiff, at the pretrial conference, said that he planned to call these attorneys as witnesses. The purpose of the present motion in limine was to resolve objections by defendants to such testimony on grounds of attorney/client privilege. The motion came on for hearing after the parties attempted to submit the motion on a stipulation of fact, but were unable to agree upon such stipulation. At the hearing, the question of attorney/client privilege with respect to attorney Tessel was mooted, for plaintiff will not be calling him as a witness.

*Marquette Evans*

■ Debtors consulted Evans at the end of January, 1986 with respect to the possibility of filing bankruptcy. They met with Evans three times. Plaintiff does not really contend that Evans was not the attorney for defendants, and concedes that defendants are entitled to an attorney/client privilege with respect to communications between them as to which they are entitled to exclusion by reason of the privilege. Plaintiff says, however, that he wishes to show that attorney Evans had defendants sign their bankruptcy petition in blank, for such an act by debtors is a crime and such conduct is not privileged.

We hold that the exception to privilege sought by plaintiff is unavailable. Such a transaction between attorney and client is clearly within the attorney/client privilege and disclosure of it would be detrimental to the interests of defendants. In any case, the evidence in this respect sought by plaintiff has to do with alleged inappropriate conduct by the attorney, and that is not a relevant consideration in this case.

*Norman Slutsky*

■ The question with respect to Slutsky is whether he and debtors were in an attorney/client relationship. The evidence

was that in 1978 Slutsky had filed a bankruptcy case for debtors. In 1984, defendant Douglas Slaven had a workers compensation claim. He called Slutsky about it, but Slutsky informed him that he did not do workers compensation work, and he referred him to a specialist in that field. In January, 1986, defendants phoned Slutsky about filing a bankruptcy case. Slutsky told them to make an appointment. Defendants did not do so, but elected to retain another attorney for the present case. It is the position of plaintiff that he is informed that Slutsky told defendants they could not use the proceeds of the workers compensation claim in the manner in which they informed him.

While it is true that ultimately Slutsky did not file the present bankruptcy for defendant, it is perfectly clear from the history of the relationship between them that Slutsky had performed legal services for them and any disclosure of their affairs was made to him by defendants as an attorney. They are entitled to have confidentiality imposed about matters as to which he gave them legal advice. At the time defendants spoke to Slutsky prior to the filing of the present bankruptcy case, they were considering having him file the case for them. Under such circumstances, a privilege exists. *In re Baldwin-United Corp.*, 38 B.R. 802, 804 (Bankr.S.D.Ohio W.D.1984). We note, by the way, the observation of the court in that case, that generally the question of whether the privilege attaches is a question of fact which cannot be decided in the abstract.

We render the present decision despite this axiom. It will, however, be understood to be based upon the field of inquiry as to the attorneys here in question which has been defined for us by the parties.

We resolve the motion in limine by holding that an attorney/client privilege either existed or was thought to be established with respect to both attorneys, and so far as we are informed about particular inquiries proposed to be made by plaintiff, since the privilege has been claimed and not been waived by defendants, plaintiff is precluded from inquiry into such matters.

So Ordered.